IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY L. TAYLOR, : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | NO. 5:24-cv-00434-CAR-CHW |
| : | |
| Major LAUREN FLETCHER, : | |
| : | |
| Defendants. : | |
| : | |

# ORDER

Plaintiff Jimmy L. Taylor, a prisoner in the Wheeler Correctional Facility in Alamo, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 10. The Southern District granted Plaintiff's motion to proceed *in forma pauperis* and transferred the case to this Court. ECF No. 11; ECF No. 12. As explained below, if Plaintiff wishes to proceed with this action, he must recast his complaint within fourteen days.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

As noted above, the Southern District of Georgia granted Plaintiff leave to proceed *in forma pauperis*. That order, however, gave Plaintiff the option to voluntarily dismiss his complaint to avoid the deduction of the filing fee from his inmate trust account and did not include any deduction instructions for his place of incarceration. *Id*. Plaintiff filed no motion to voluntarily dismiss this action to avoid payment of the filing fee as offered by the Southern District of Georgia prior to the transfer of this case to this district court.

Filing fees are due when a case is initiated and despite being granted leave to proceed without prepayment of the filing, a prisoner is still required to pay the full amount of the $350.00 filing fee as funds become available to him.  *See* 28 U.S.C. § 1915(b)(1). Therefore, this Court is assessing this fee against the Plaintiff as required by federal statute and directing corrections officials to begin collecting the fee.  *Id*.

I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the

granting of judgment against him prior to the collection of the full filing fee.

## II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## RECAST COMPLAINT

In his complaint, Plaintiff names assistant prosecutor Lauren Fletcher as the defendant in this case and appears to complain about his arrest, criminal proceedings, and conviction. ECF No. 1 at 1-127. Plaintiff previously filed a civil complaint naming the same defendant and making the same or similar allegations in the United States District Court for the Northern District of Georgia. *Taylor v. Fletcher*, No. 1:24-cv-03394-SEG (N.D. Ga. July 30, 2024), ECF No. 1. The court found venue was not proper in that district and dismissed the action under 28 U.S.C. § 1406(a). Order, *Taylor v. Fletcher*, No. 1:24-cv-03394-SEG (N.D. Ga. July 30, 2024), ECF No. 4.

The Magistrate Judge's Final Report and Recommendation in that case informed Plaintiff that his claim would also be subject to dismissal on the merits:

3

> to the degree that Plaintiff challenges any convictions and sentences, Plaintiff can only seek relief in a habeas corpus petition after exhausting state court remedies.  Also, Plaintiff cannot receive monetary damages for a wrongful conviction since Plaintiff has not demonstrated that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]   For these reasons, the undersigned finds that it is not in the interest of justice to transfer this case to the Middle District.

R. & R., *Taylor v. Fletcher*, No. 1:24-cv-03394-SEG (N.D. Ga. July 30, 2024), ECF No. 2 (alteration in original) (quotation marks and citations omitted).

While venue is proper in this Court, Plaintiff should be aware that his civil action against Lauren Fletcher is likely to be dismissed upon the preliminary review required by 28 U.S.C. § 1915A for the reasons explained by the United States Magistrate Judge for the Northern District of Georgia.

If, despite these warnings, Plaintiff decides to continue with this action, he must file a recast complaint on the required § 1983 form.   Plaintiff must provide a response to every question on this form.  **Plaintiff may include additional pages with the Court's standard form, but his complaint must be no longer than ten (10) pages in its entirety. This ten-page limitation includes (and is not in addition to) the pre-printed pages of the Court's standard form.   The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.**   This recast complaint will replace the original complaint.   The Court, therefore, will not refer to the original complaint to determine if Plaintiff has stated any viable claim.

If Plaintiff wishes to proceed with this action, he is **ORDERED** to file a recast complaint on the required 42 U.S.C. § 1983 form. The Clerk is **DIRECTED** to provide Plaintiff with a 42 U.S.C. § 1983 complaint along with his service copy of this order (with the civil action number showing on both). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to comply. If Plaintiff does not fully and timely comply with this order, this action may be dismissed. Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address, and his failure to do so may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 8th day of January, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge