## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JIMMY L. TAYLOR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:24-cv-00434-CAR-CHW** |
| **Major LAUREN FLETCHER,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

## ORDER OF DISMISSAL

Plaintiff Jimmy L. Taylor, a prisoner in the Wheeler Correctional Facility in Alamo, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 10. The Southern District granted Plaintiff's motion to proceed *in forma pauperis* and transferred the case to this Court. ECF No. 11; ECF No. 12. On initial review of this case, Plaintiff was ordered to recast his complaint. ECF No. 17.

Plaintiff has filed a recast complaint. ECF No. 18. On review of that pleading, it is now **ORDERED** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim as set forth below.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28

U.S.C. § 1915A(a).  Courts must also screen complaints filed by a plaintiff proceeding IFP.  28 U.S.C. § 1915(e).  Both statutes apply in this case, and the standard of review is the same.  "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."  *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).  On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (citations omitted).  A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).  In other words,

the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.    Factual Allegations

Plaintiff filed this case against Defendant Lauren Fletcher, who was a prosecuting attorney in a criminal case against Plaintiff. ECF No. 18-1 at 4. Plaintiff asserts that Fletcher (1) failed to provide Plaintiff with certain discovery in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) deprived Plaintiff of the opportunity to interview prosecution witnesses prior to trial; and (3) failed to sequester prosecution witnesses during the trial. *Id.* at 4-14. Plaintiff asserts that he is bringing these claims under 42 U.S.C.

3

§ 1983, 18 U.S.C. §§ 241 & 242, and the Federal Tort Claims Act.   *Id.* at 2.

    III.   <u>Plaintiff's Claims</u>

        A.   <u>42 U.S.C. § 1983</u>

It is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement."   *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   Here, Plaintiff states that he is seeking monetary damages, rather than release.   But a prisoner cannot bring a § 1983 action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated.   *Id.* at 487.   Thus, Plaintiff's claims, which go directly to the validity of his conviction, are barred by *Heck*.

Additionally, Plaintiff names only Lauren Fletcher, a prosecutor in his criminal case, as a defendant in this action.   A "prosecutor is immune from a civil suit for damages under § 1983" for claims arising out of the prosecutor's initiation and presentation of the State's case.   *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).   For example, prosecutors enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions."   *Hart v. Hodges,* 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff's allegations with regard to Lauren Fletcher relate to her preparation and

presentation of the State's case.   Thus, Fletcher enjoys prosecutorial immunity with regard to Plaintiff's claims.   In light of the above, Plaintiff has not stated a claim for relief under 42 U.S.C. § 1983.

      B.    <u>18 U.S.C. §§ 241 & 242</u>

Plaintiff also purports to bring his claims under 18 U.S.C. §§ 241 and 242.   These statutes establish criminal punishments for certain activities.   *See* 18 U.S.C. §§ 241 & 242. They do not create a private right of action enforceable by individuals.   *See Collins v. Bates*, 2018 WL 5090845, at *7 (11th Cir. 2018) (citing *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718, 723 (11th Cir. 2002), (holding that a plaintiff may not bring a civil cause of action based on a federal criminal statute unless there is "clear evidence of Congress's intent to create a [private right] of action")).   Thus, Plaintiff cannot raise claims under these sections in this case.

      C.    <u>Federal Tort Claims Act</u>

Finally, Plaintiff invokes the Federal Tort Claims Act ("FTCA").   The FTCA provides a limited exception to the United States Government's immunity in certain situations.   *See* 28 U.S.C. § 1346(b).   Where the FTCA applies, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances."   *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000).   Here, Plaintiff does not allege any facts against the United States or any federal employee in his or her official capacity.   Thus, he also does not state a claim under the FTCA.

IV.    <u>Conclusion</u>

As set forth above, Plaintiff's allegations do not state a claim under 42 U.S.C. § 1983, 18 U.S.C. §§ 241 & 242, or the FTCA.   Therefore, Plaintiff's action against Defendant Lauren Fletcher is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief.   In light of this dismissal, Plaintiff's pending motions for service to be made on Lauren Fletcher (ECF Nos. 19 & 20) are **DENIED AS MOOT**.

**SO ORDERED**, this 31st day of March, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT